UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARCUS A. AKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.: 3:06-CV-248 |
| | ) | (VARLAN/GUYTON) |
| CONWAY S. MASON, TRAVIS B. JONES, | ) | |
| and MICHAEL A. MORGAN | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

Plaintiff Marcus Akins alleges that defendants violated his civil rights and committed state law torts during an incident on August 4, 2004. On that date, plaintiff alleges that defendants violated his constitutional rights to be secure in his person and property, not to be deprived of liberty without due process of law, and not to have excessive force used on him and committed state torts of assault and battery and outrageous conduct.

This civil action is before the Court on Defendants' Motion for Summary Judgment [Doc. 13] in which defendants assert that plaintiff is barred by collateral estoppel from asserting his claims against them. Plaintiff responded in opposition to defendants' motion arguing that collateral estoppel does not apply because he has not had a full and fair opportunity to litigate these claims. [Doc. 17.] The Court has carefully considered the pending motion for summary judgment and plaintiff's response in light of the record as a whole and the applicable law. For the reasons set forth herein, Defendants' Motion for Summary Judgment [Doc. 13] will be denied.

I.     **Relevant Facts**

As the Court is required to do in reviewing a motion for summary judgment, all facts will be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

On August 4, 2004, plaintiff was driving his vehicle while intoxicated and accidentally ran into another vehicle at the intersection of Highway 68 and Old State Road in Monroe County, Tennessee. [Doc. 1 at ¶ 8.] Plaintiff fled the scene of the accident and hid in the nearby woods to avoid detection. [*Id.* at ¶ 9.] Defendants Travis B. Jones and Michael A. Morgan, officers with the Monroe County Sheriff's Department, began a search for plaintiff. [*Id.* at ¶ 10.] After approximately two hours of unsuccessful searching, Jones and Morgan called defendant Conway Mason, an officer with the City of Sweetwater Police Department, to bring his K-9, Luca, to assist in the search. [*Id.*] Luca ultimately led the defendants to plaintiff who was hiding in a thicket in the woods. [*Id.* at ¶ 11.]

Plaintiff contends that he did not resist arrest but nonetheless, defendants "jumped him, manhandled him, and handcuffed him."[1] [*Id.* at ¶ 12.] He contends that defendants encouraged and allowed Luca to attack him while he was handcuffed and lying on the ground. [*Id.*] As a result, plaintiff required medical attention because his ears were bitten off and he sustained other injuries. [*Id.* at ¶ 12-13.]

---

[1] The details of plaintiff's apprehension and arrest are in dispute but are now considered by the Court in the light most favorable to plaintiff.

As a result of this incident, Plaintiff was tried and convicted of three counts of assault on an officer and pleaded guilty to leaving the scene of an accident at a bench trial in the Criminal Court for Monroe County, Tennessee on April 20, 2005. [Doc. 15-2; Doc. 15-13.] From what the Court can ascertain, plaintiff's theory at trial was that he did not possess the requisite *mens rea* for assault on an officer because he was merely attempting to protect himself from Luca and did not intend any contact with the officers. [*See, e.g.*, Doc. 15-9 at 9; Doc. 15-13.] On November 18, 2004, plaintiff filed a lawsuit in this Court which was dismissed without prejudice by joint stipulation on February 15, 2006. *Atkins v. Mason*, No. 3:04-CV-548. Plaintiff filed his complaint in this case on June 29, 2006 alleging that defendants are liable pursuant to 42 U.S.C. § 1983 for violating his constitutional rights to be secure in his person and property, not to be deprived of liberty without due process of law, and not to have excessive force used against him and for state law torts of assault and battery and outrageous conduct. [Doc. 1.]

**II. Standard of Review**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

## III. Analysis

Defendants move for summary judgment on the grounds that plaintiff's claims are barred by collateral estoppel.[2] Defendants argue that plaintiff challenged their use of force and lost in his criminal case and therefore, plaintiff cannot re-litigate his claims now in

---

[2]In his response to defendants' motion for summary judgment [Doc. 17], plaintiff initially argues that defendants Travis B. Jones and Michael A. Morgan did not assert collateral estoppel as a defense in their answer to plaintiff's complaint and therefore cannot raise it now on a motion for summary judgment. The Court notes that this argument is no longer viable as defendants Travis B. Jones and Michael A. Morgan filed an amended answer [Doc. 20] alleging collateral estoppel bars plaintiff's claims against them.

federal court. When a plaintiff has a full and fair opportunity to litigate an issue at a state criminal proceeding, collateral estoppel bars him from re-litigating the issue as a § 1983 claim in federal court. *Smith v. Thornburg*, 136 F.3d 1070, 1077 (6th Cir. 1997); *see also Haring v. Prosise*, 462 U.S. 306, 313 (1983) (quoting *Allen v. McCurry*, 449 U.S. 90, 101 (1980) ("In federal actions, including § 1983 actions, a state-court judgment will not be given collateral estoppel effect . . . where 'the party against whom an earlier court decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court.'").

In determining whether to give collateral estoppel effect to a state court decision, a federal court must first determine whether, under state law, the plaintiff would be collaterally estopped from proceeding on his claims. *Haring*, 462 U.S. at 314. Even if the court determines that state law would preclude review of the claims, it is appropriate for the court to reconsider a plaintiff's claims under § 1983 if "there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Id.* at 313-14, 318 (citation omitted) (noting that review would be appropriate in such a case because § 1983 is meant to provide a remedy for constitutional violations state courts fail to redress).

The state criminal case occurred in the Criminal Court for Monroe County, Tennessee. As such, in determining whether plaintiff is collaterally estopped from litigating the claims alleged in his complaint, this Court must apply Tennessee law. *McKinley v. City of Mansfield*, 404 F.3d 418, 428 (6th Cir. 2005). Tennessee courts consider the following four factors in deciding whether collateral estoppel applies:

> (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*Morris v. Esmark Apparel, Inc.*, 832 S.W.2d 563, 566 (Tenn. Ct. App. 1991) (citations omitted).

There is no question that the issue decided in the criminal proceeding was not identical to the claims plaintiff makes in his complaint in this case. Plaintiff was tried and convicted of three counts of assault on an officer and pleaded guilty to leaving the scene of an accident. [Doc. 15-2 at 5; Doc. 15-13 at 4-5.] As far as the Court can tell from the pleadings and bench trial transcript, plaintiff's defense against the charges of assault on an officer was that he lacked the *mens rea* for assault because he was not trying to harm the officers but merely trying to keep the K-9, Luca, from attacking him. [*See, e.g.*, Doc. 15-9 at 9; Doc. 15-13 at 1-3.] As such, plaintiff did not challenge the defendants' use of force against him at that time, but only defended against the allegations regarding his use of force against the officers. Essentially, plaintiff addressed the reasonableness of his actions, not the unreasonableness of the officers' actions. Because the officers' use of force was not challenged in the state court proceeding, plaintiff did not have a full and fair opportunity to litigate his § 1983 claim or his claims of assault and battery and outrageous conduct. Accordingly, the Court finds that plaintiff's § 1983 claim and state law tort claims are not barred by collateral estoppel.

## IV. Conclusion

For the reasons set forth herein, the Court finds that the defendants are not entitled to judgment as a matter of law. Accordingly, Defendants' Motion for Summary Judgment [Doc. 13] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE