UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARCUS A. AKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:06-CV-248 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| CONWAY S. MASON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Docs. 49, 64] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of defendant Conway Mason's Motion to Exclude and Strike the Deposition of Dr. Bruce Shack [Doc. 47], and the plaintiff's Motion to Continue. [Doc. 61] On October 17, 2008, the parties appeared before the Court for a hearing on the instant motion. Attorney John Eldridge appeared on behalf of the plaintiff, attorney Benjamin Lauderback appeared on behalf of defendant Mason, and attorney John Duffy appeared on behalf of defendants Jones and Morgan. For the reasons set forth more fully below, the motions [Docs. 47, 61] will be denied.

**I.    Motion to Strike [Doc. 47]**

Defendant Mason moves the Court to exclude from evidence the deposition of Dr. Shack. As grounds, the defendant states that the deposition failed to meet the procedural requirements of the Federal Rules of Civil Procedure, and thus the testimony elicited during the deposition is unreliable and inadmissible. The defendant further argues that the exhibits made to Dr. Shack's deposition were submitted five days after the pretrial disclosure deadline in this matter. The

deposition at issue was taken by telephone. Plaintiff's counsel and the court reporter were located in Knoxville, Dr. Shack and counsel for defendant Mason were located in Nashville, and counsel for defendants Jones and Morgan was at a third location. The parties agreed to a telephonic deposition, but defendant Mason contends that there was no agreement to suspend the other procedural requirements of the Federal Rules of Civil Procedure.

Rule 28 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> Within the United States or a territory or insular possession subject to United States Jurisdiction, a deposition must be taken before: (A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or (B) a person appointed by the court where the action is pending to administer oaths and take testimony.

Fed. R. Civ. P. 28(a)(1). Rule 30 provides, in pertinent part, that:

> Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. The officer must begin the deposition with an on-the-record statement that includes: (i) the officer's name and business address; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present.

Fed. R. Civ. P. 30(b)(5)(A). Rule 30 further provides that "[t]he parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the question." Fed. R. Civ. P. 30(b)(4). Thus, under the Rules, a telephonic deposition is deemed to occur at the location of the testifying witness, and the deposition must be taken before an officer authorized to administer the appropriate oath.

Defendant Mason contends that, because, in this instance, the court reporter was in Knoxville, while the testifying witness was in Nashville, the deposition was not taken before an

authorized officer, and thus the deposition was invalid. The defendant cites two cases in support of his motion: United States v. Ruiz Castro, 92 F.3d 1519, 1532-33 (10th Cir. 1996), overruled on other grounds by United States v. Flowers, 464 F.3d 1127, 1130 n.1 (10th Cir. 2006); and Loucas G. Matsas Salvage & Towage Maritime Co. v. M/T Cold Spring I, Nos. CIV.A. 96-0621, CIV.A 96-0931, 1997 WL 102491 (E.D. La. Mar. 5, 1997). However, both of these cases involved telephonic depositions where the testifying witness was located outside the United States, and part of the issue before each of those courts was whether the court officer was authorized to administer an oath to a witness testifying in a foreign country. Additionally, the Ruiz Castro court was faced with additional procedural issues, including whether the proper treaties were in place to allow the telephonic deposition in question to occur. Thus, both of the cases relied on by the defendant are somewhat distinguishable from the instant case, as in the instant case no issue has been raised as to whether the court reporter was authorized to administer the oath in question, but only whether the oath administered was valid when the court reporter was in Knoxville while the witness was in Nashville.

The Court finds the case of Hudson v. Spellman High Voltage, 178 F.R.D. 29, 32 (E.D.N.Y. 1998) instructive. The Hudson court was faced with a request by a plaintiff to take the telephonic depositions of multiple witnesses in multiple locations, but the plaintiff could not afford to have an officer on location with each witness to administer the oath. Id. The Hudson court held that rather than having an officer on site with each testifying witness, it would be acceptable for the plaintiff to have one officer on location with plaintiff and defense counsel, and that the officer could administer the oath telephonically to the remote witnesses. Id. The Court notes that the Hudson case is distinguishable from the instant case, because in Hudson the plaintiff sought leave of the

3

court prior to taking the depositions, whereas in the instant case, the depositions occurred without prior leave of the Court or agreement of the parties.

In the instant case, the Court finds particularly relevant the fact that counsel for defendant Mason was on location with the testifying witness.[1] Thus, counsel was able to directly observe the witness and ensure that the witness was not receiving coaching or otherwise proceeding in an improper manor. Defense counsel's presence on location with the witness greatly alleviates any concerns as to the reliability of the witness's testimony. In addition, the witness was administered an oath in this matter, though the oath was administered telephonically rather than in person. However, in this instance, the Court finds no evidence that the telephonically administered oath was disregarded by Dr. Shack, nor is there any evidence that the defendants were in some way prejudiced by the remote presence of the court reporter.

Thus, after considering the arguments of counsel, the Court finds that while the deposition was procedurally flawed, the flaws were not so substantial or prejudicial as to warrant the striking of the deposition. The Court in no way condones plaintiff's counsel's failure to comply with the Federal Rules of Civil Procedure, but the Court finds that there is simply no evidence that the testimony at issue was rendered unreliable by these irregularities, nor is there any evidence that the defendants were prejudiced by the irregularities. Similarly, the Court recognizes that the plaintiff

---

[1]During the hearing, defense counsel relied on the case of Phye v. Thill, No. 06-1309-MLP, 2007 WL 2681106 (D. Kan. Sept. 7, 2007). The Phye case represents another instance where a court denied a party leave to conduct telephonic depositions of witnesses in a foreign country where there would be no officer of the court present to administer the oaths to, and confirm the identity of, the witnesses. The Court finds this case to also be distinguishable from the instant case. At the hearing, defense counsel stated that he had no reason to doubt the identity of witness in question. In addition, the Court finds that the Phye court's concerns as to the reliability of the testimony being offered were sufficiently guarded against by the presence of defense counsel at the deposition site.

4

failed to comply with the Scheduling Order's pretrial disclosure deadline, but, given the parties' agreement to conduct the deposition beyond the discovery deadline, the Court does not find that a five day delay in compliance warrants the exclusion of the witness in question. Accordingly, the defendant's motion [Doc. 47] is hereby **DENIED**.

## II.     Motion to Continue [Doc. 61]

The plaintiff moves the Court to continue the trial in this matter, currently scheduled to begin on October 21, 2008. As grounds, the plaintiff states that he has sustained injuries to his face and head and argues that his injuries might improperly affect the jury's decision in this matter. The defendants oppose the motion, arguing that the plaintiff's cosmetic injuries are not sufficient to warrant continuing the trial and disrupting the schedules of the witnesses prepared to appear.

The Court notes that there is no argument that the plaintiff is medically incapable of appearing at trial, but rather, the plaintiff's motion rests solely on a fear that the jury will be prejudiced by the plaintiff's injuries. The Court finds that the risk of prejudice to the plaintiff can be reduced or eliminated simply by withholding from the jury the source of the plaintiff's injury. The Court believes that it is not the injury itself which might prejudice the plaintiff, so much as the circumstances surrounding the injury. Accordingly, the plaintiff's motion [Doc. 61] is hereby **DENIED**. Should the parties be concerned that the jury might be prejudiced by the injuries, they have leave to explore the possibility of such prejudice during voir dire, though the defendants shall not be allowed to describe the circumstances surrounding the injuries, other than to indicate that the injuries were not caused by the defendants, unless the plaintiff opens the door to such discussion.

**III.  Summary**

For the reasons set forth more fully above, defendant Mason's motion to strike [Doc. 47] and the plaintiff's motion to continue [Doc. 61] are hereby **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

    s/ H. Bruce Guyton
United States Magistrate Judge